IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| JASON KEITH ELMORE | § | |
| v. | § | CIVIL ACTION NO. 2:06cv392 |
| D.P.S. OF TEXAS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jason Elmore, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Elmore complained of an incident in which he was allegedly "set up" to be prosecuted on drug charges. On October 2, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that according to Elmore, the charges brought against him were still pending, and so normally the civil lawsuit would have to be stayed pending resolution of the criminal charges; in this case, however, the Magistrate Judge said that staying of the lawsuit was not necessary because Elmore's claims lacked merit on their face.

The Magistrate Judge stated that the named defendants in the lawsuit were the Texas Department of Public Safety, the Ark-La-Tex Drug Task Force, and the District Attorney of Cass County. Of these defendant, the Magistrate Judge said, the Department of Public Safety is an agency of the State of Texas and thus cannot be sued in its own name because it is entitled to Eleventh Amendment immunity. Hafer v. Melo, 112 S.Ct. 358, 363 (1991). The drug task force is not an entity which can be sued in its own name. Brown v. Fifth Judicial District Drug Task Force, 255

1

F.3d 475, 476-77 (8th Cir. 2001); *accord*, Dillon v. Jefferson County Sheriff's Department, 973 F.Supp. 626, 627-28 (E.D.Tex. 1997). Finally, the Magistrate Judge stated, the District Attorney of Cass County is entitled to absolute immunity from liability under the doctrine of prosecutorial immunity. Dayse v. Schuldt, 894 F.2d 170, 172 (5th Cir. 1989); Cook v. Houston Post, 616 F.2d 791, 793 (5th Cir. 1980). Because Elmore did not show that he was entitled to relief from any of the named defendants, the Magistrate Judge recommended that the lawsuit be dismissed as frivolous.

Elmore received a copy of this Report on October 4, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED as frivolous with prejudice. This dismissal shall have no effect upon the plaintiff's rights with regard to any charges that may be pending against him, nor shall it affect his rights with respect to any conviction which he may receive. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this 13th day of November, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE